# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

### No. 201800201

———————————————

### UNITED STATES OF AMERICA
*Appellee*

v.

### Lewis PARKER, Jr.
Hospital Corpsman Third Class (E-4), U.S. Navy
*Appellant*

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander William H. Weiland, JAGC, USN.

For Appellant: Lieutenant Kevin R. Larson, JAGC, USN.
For Appellee: Lieutenant Timothy C. Ceder, JAGC, USN;
Major Kelli A. O'Neil, USMC.

———————————————

Decided 6 November 2018

———————————————

Before HUTCHISON, TANG, and LAWRENCE,
*Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of willfully disobeying a superior commissioned officer, one specification of violating a lawful general order, three specifications of wrongfully using marijuana, one specification of wrongfully distributing d-amphetamine, one specification of wrongfully possessing cocaine, one specification of assault consummated by a battery, and one specification of communicating a threat in violation of Articles 90, 92,

112a, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 890, 892, 912a, 928, and 934. The convening authority (CA) approved the adjudged sentence of two years' confinement, reduction to paygrade E-1, total forfeiture of pay and allowances, and a dishonorable discharge; but in accordance with a pretrial agreement, suspended all confinement in excess of 14 months.

The appellant raises a single assignment of error: the CA's action does not reflect a change made to Charge III, Specification 3 after referral but prior to arraignment. Specifically, the specification as referred alleged that the appellant violated a military protective order issued by "Captain B.L. Smith."[1] Prior to arraignment, the trial counsel modified the specification by removing Captain Smith's name and substituting it with "Commander A.M. Archila, MSC"—the officer who actually issued the protective order.[2]

Although not raised by the appellant, we have identified another discrepancy in the CA's action. Following arraignment, the trial counsel withdrew the words "on divers occasions" from Specification 13 of Charge VI, alleging that the appellant wrongfully possessed cocaine.[3] In addition, following the military judge's colloquy with the appellant, the trial counsel withdrew the words "between" and "and on or about May 2017" from that same specification.[4] Neither of these changes are reflected in the CA's action.

An appellant is entitled to an official record accurately reflecting the results of his proceedings. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1989). We test error in court-martial orders under a harmless-error standard. *Id.*

At a minimum, a court-martial promulgating order must contain the following information: (1) the type of court-martial and the convening command; (2) *a summary of all charges and specifications on which the appellant was arraigned*; (3) the appellant's pleas; (4) *the findings or disposition of all charges and specifications on which the appellant was arraigned*; (5) if adjudged, the sentence; and (6) a summary of the action taken by the CA in the case. RULE FOR COURTS-MARTIAL 1114(c)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) (emphasis added).

The failure to reflect accurate information in the promulgating order was error; however, the error was harmless as it did not materially prejudice the

---

[1] Charge Sheet.

[2] *Id.*; *see* Record at 12.

[3] Record at 17.

[4] *Id.* at 75.

appellant's substantial rights. To ensure the appellant has an official record which accurately reflects his proceedings, we order that the supplemental promulgating order reflect the correct information.

The findings and sentence are affirmed. The supplemental court-martial order shall reflect: (1) an accurate summary of Charge III, Specification 3, which removes the language "Captain B.L. Smith" and substitutes the language "Commander A.M. Archila, MSC"; and (2) an accurate summary of Charge VI, Specification 13, which removes the words "on divers occasions," "between," and the words "and on or about May 2017."

FOR THE COURT

RODGER A. DREW, JR.
Clerk of Court